### HERMAN BAACKE ET AL. V. ANTON DREDLA, ADMINISTRATOR.

FILED DECEMBER 8, 1898.   No. 8495.

1. Administration of Estates: APPEAL FROM COUNTY COURT: JURISDICTION OF DISTRICT COURT. An appeal from an allowance of a claim against an estate in the county court later than the time fixed by statute after such allowance confers no jurisdiction on the district court to reconsider such allowance.

2. ——: ——: ——. An error proceeding from a county court to a district court vests the latter with no jurisdiction to inquire whether there was error in the county court, in the absence of a petition in error.

ERROR from the district court of Lancaster county. Tried below before HOLMES, J.   Reversed.

*Boehmer & Rummons*, for plaintiffs in error.

*F. I. Foss* and *W. R. Matson*, contra.

RYAN, C.

In the county court of Lancaster county Herman Baacke filed his claim against the estate of Carl Baacke on April 14, 1894, and it was allowed in full June 29, 1894. The claim of Elizabeth Klepper and others against the said estate was filed and allowed contemporaneously with that just described. On October 17, 1894, the administrator of said estate filed his motion in said court for the vacation of the allowance of the aforesaid claims, on the alleged grounds that said administrator had no notice or knowledge of the filing or

allowance of said claims until within a short time before filing said motion and had supposed the hearing would be on September 29, 1894, as he had been informed by the county judge. This motion in reference to each claim was denied on December 10, 1894. A transcript showing the above proceedings was filed January 5, 1895, in the district court of said county. On March 11, 1895, the claimants filed a motion to dismiss the appeal of the administrator, among other grounds, for the reason that the appeal had not been taken in due time and because no petition in error had been filed. This motion was overruled and the claimants duly excepted. There were further proceedings which finally resulted in the reversal of the order denying the motion of the administrator, and the reversal of the judgment of allowance of said claims in the county court and the correctness of this action of the district court is assailed by a petition in error of the claimants.

It is provided by section 233, chapter 23, and section 43, chapter 20, Compiled Statutes, that an appeal from the allowance or disallowance of a claim shall be taken within a fixed time from the date of the order of allowance or disallowance. Clearly the administrator was too late to secure a review in the district court by appeal.

It is provided by section 580, Code of Civil Procedure, that a judgment rendered or final order made by a probate court may be reversed, vacated, or modified by the district court. The proceedings to obtain such reversal, vacation, or modification, it is provided by section 584, Code of Civil Procedure, shall be by petition in error. In this case there was not filed in the district court a petition in error; hence the district court was without jurisdiction to treat the case as properly presenting for review the question whether or not the county court had improperly denied the motion to set aside the allowance of the claims called in question by the administrator. The judgment of the district court was therefore erroneous in any view which can be taken of the nature of

the proceedings by which a review was sought in that court, and its judgment is reversed.

REVERSED AND REMANDED.